**FILED**

JUL 25 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JUL 25 2019

MAGISTRATE JUDGE
JEFFREY I. CUMMINGS

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 19 CR 275 |
| v. | |
| WEIYUN HUANG,<br>    also known as "Kelly Huang,"<br>FINDREAM, LLC, and<br>SINOCONTECH, LLC | Violations: Title 18, United States<br>Code, Sections 371, 1546(a), and 2 |

## COUNT ONE

**JUDGE DURKIN**

The SPECIAL JULY 2018 GRAND JURY charges:

**MAGISTRATE JUDGE COLE**

1.    At times material to this indictment:

    a.    WEIYUN HUANG, also known as "Kelly Huang," was a citizen of the People's Republic of China.

    b.    FINDREAM, LLC was incorporated in the State of California by HUANG. FINDREAM maintained a bank account at JP Morgan Chase Bank, for which HUANG was the sole signatory. FINDREAM maintained an account with PayPal, for which HUANG was the registered user.

    c.    SINOCONTECH, LLC was incorporated in the State of Delaware by HUANG.

    d.    The "Chinese Looking For Job" website was the China-based website for HUANG and FINDREAM.

    e.    The "Job Hunters of North America" WeChat platform was the China-based WeChat platform for HUANG and FINDREAM.

    f.    University A was a university located in Chicago, Illinois.

g.      An F-1 visa permitted a foreign national to study in the United States at a university, college, or other academic institutions. Before applying for an F-1 visa, students had to first be accepted by a Student and Exchange Visitor Program ("SEVP") approved school. After the SEVP-approved school accepted a foreign national as a student, the student had to be registered in the Student and Exchange Visitor Information System ("SEVIS"). The SEVP-approved school issued the student a Form I-20 "Certificate of Eligibility for Nonimmigrant Student Status – For Academic and Language Students." After the student received the Form I-20 and registered in SEVIS, the student had to apply at a U.S. Embassy or Consulate for a student F-1 visa. The student was required to present the Form I-20 to the consular officer during the visa interview.

h.      An F-1 visa-holder could extend the visa by participating in the Optional Practical Training ("OPT") program, which required the F-1 visa-holder to obtain temporary employment directly related to their major area of study. The OPT employment could be completed before and/or after completion of the F-1 visa-holder's studies for up to one year. An F-1 visa-holder who received a science, technology, engineering, and mathematics ("STEM") degree could extend participation in the OPT program for up to an additional 2 years. A student was required to list their OPT employment on their Form I-20. A student was required to submit a Form I-983 Training Plan for STEM OPT Students in order to apply for the STEM OPT extension.

i.     An H-1B visa permitted United States-based employers to temporarily employ foreign national workers in specialty occupations. A specialty occupation required the application of specialized knowledge and a bachelor's degree or the equivalent of work experience. An H-1B visa permitted a foreign national to stay in the United States for three years, and was extendable to six years.

2.     Beginning no later than on or about September 6, 2013, and continuing until on or about April 1 2019, at Chicago, in the Northern District of Illinois, and elsewhere,

WEIYUN HUANG,<br>
also known as "Kelly Huang,"<br>
FINDREAM, LLC, and<br>
SINOCONTECH, LLC,

defendants herein, conspired with Individuals XQ, LT, YG, JC, JL, and SZ, and others known and unknown to the Grand Jury to knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in documents required by the immigration laws and regulations prescribed thereunder, namely, nonimmigrant H-1B visas and Optional Practical Training extensions on nonimmigrant F-1 student visas, that is, Forms I-20, I-129, and I-983, stating that the students were employed by FINDREAM, LLC and SINOCONTECH, LLC, which statements the defendants then knew were false, in that the students were not employed by FINDREAM, LLC or SINOCONTECH, LLC, in violation of Title 18, United States Code, Section 1546(a).

3.     It was part of the conspiracy that beginning no later than on or about September 6, 2013, and continuing until on or about April 1, 2019, HUANG and

FINDREAM falsely and fraudulently represented, in exchange for a fee, that at least approximately 2,025 F-1 visa holders in the United States while employed by FINDREAM, when they knew that the visa holders were not employed at FINDREAM.

4. It was further part of the conspiracy that beginning no later than on or about December 12, 2016, and continuing until on or about April 1, 2019, HUANG and SINOCONTECH provided false and fraudulent employment at SINOCONTECH to at least approximately 660 F-1 visa holders in the United States in exchange for a fee, when they knew that the F-1 visa holders were not employed at SINOCONTECH.

5. It was further part of the conspiracy that beginning no later than on or about April 1, 2017, and continuing until on or about April 1, 2019, HUANG and FINDREAM applied for nonimmigrant H-1B visas in the United States for at least approximately 8 customers by falsely and fraudulently claiming those customers were employed at FINDREAM in exchange for a fee, when they knew that the H-1B visa applicants were not employed at FINDREAM.

6. It was further part of the conspiracy that HUANG and FINDREAM advertised FINDREAM as a "startup company in technology services and consulting" with clients in China and the United States on its website "www.findream.us," when they knew FINDREAM, LLC did not deliver any technology services or consulting.

7. It was further part of the conspiracy that beginning no later than November 2014, at the direction of HUANG and FINDREAM, Individual XQ agreed to write computer code in order to develop portions of the "www.findream.us" website.

8. It was further part of the conspiracy that HUANG used FINDREAM and SINOCONTECH to provide proof of OPT employment to their customers, who were F-1 visa-holders in the United States, in exchange for a fee, when they knew that FINDREAM and SINOCONTECH did not employ the customers.

9. It was further part of the conspiracy that HUANG used the "Chinese Looking for Job" website and "Job Hunters of North America," WeChat platform to advertise FINDREAM and SINOCONTECH to F-1 visa-holders in the United States seeking OPT employment and H-1B visas.

10. It was further party of the conspiracy that beginning no later than in or around 2015, at the direction of HUANG and FINDREAM, Individual XQ agreed to monitor and manage the content of the "Job Hunters of North America" WeChat platform.

11. It was further part of the conspiracy that HUANG, FINDREAM, and SINOCONTECH provided customers offer letters and verification of employment letters as evidence of the customers' employment at FINDREAM or SINOCONTECH in exchange for a fee, when they knew that that these materials were false and that the customers did not work for FINDREAM or SINOCONTECH.

12. It was further part of the conspiracy that HUANG, FINDREAM, and SINOCONTECH's services permitted customers to list FINDREAM or SINOCONTECH as their OPT employer on their Forms I-20 in exchange for a fee, when they knew that the customers did not work for FINDREAM or SINOCONTECH.

13.     It was further part of the conspiracy that HUANG, FINDREAM, and SINOCONTECH executed Forms I-983 OPT Training Plans for their STEM customers in exchange for a fee, when they knew that these materials were false and that the customers did not work for FINDREAM or SINOCONTECH.

14.     It was further part of the conspiracy that HUANG and FINDREAM issued payroll payments to customers for a fee as further evidence of the customer's purported employment at FINDREAM, when they knew that the customers supplied the payroll funds, had not performed any work for FINDREAM, and were not entitled to any payroll payment.

15.     It was further part of the conspiracy that HUANG and FINDREAM issued Form 1099-MISC tax forms to customers for a fee as further evidence of the customer's purported employment at FINDREAM, when they knew the customers did not do any work for FINDREAM and did not receive taxable income from FINDREAM.

### *Individual LT*

16.     It was further part of the conspiracy that HUANG and FINDREAM agreed to provide Individual LT an offer letter, a Form I-983 OPT Training Plan, payroll, and a Form 1099-MISC tax form, all showing that Individual LT worked for FINDREAM, so that Individual LT could report FINDREAM as his employer in a document required by the immigration laws or regulations prescribed thereunder, when they knew Individual LT did not work for FINDREAM. In exchange, Individual LT paid HUANG and FINDREAM a total of $4,970 in 2016 through 2018.

6

17.    It was further part of the conspiracy that HUANG and FINDREAM received an additional $29,750 from Individual LT in 2016 through 2018, and paid Individual LT a total of $29,750 in 2016 through 2018, for his purported employment with FINDREAM, when they knew that Individual LT did not work for FINDREAM and the source of the purported FINDREAM income was Individual LT.

18.    It was further part of the conspiracy that HUANG and FINDREAM issued Individual LT Form 1099-MISC tax forms claiming FINDREAM paid Individual LT $19,250 for the 2016 tax year and $21,000 for the 2017 tax year, when they knew that Individual LT did not work for FINDREAM and FINDREAM did not pay Individual LT any income in 2016 or 2017.

### *Individual YG*

19.    It was further part of the conspiracy that HUANG and FINDREAM agreed to provide Individual YG an offer letter, a Form I-983 OPT Training Plan, payroll, and a Form 1099-MISC tax form, all showing Individual YG worked for FINDREAM, so that Individual YG could report FINDREAM as her employer in a document required by the immigration laws or regulations prescribed thereunder, when they knew Individual YG did not work for FINDREAM. In exchange, Individual YG paid HUANG and FINDREAM a total of $1,175 in 2016.

20.    It was further part of the conspiracy that HUANG and FINDREAM received an additional $4,500 from Individual YG in 2016, and paid Individual YG a total of $4,500 in 2016 for her purported employment with FINDREAM, when they

knew that Individual YG did not work for FINDREAM and the source of the purported FINDREAM income was Individual YG.

21. It was further part of the conspiracy that HUANG and FINDREAM issued Individual YG a Form 1099-MISC tax form claiming FINDREAM paid Individual YG a total of $4,500 for the 2016 tax year, when they knew that Individual YG did not work for FINDREAM and FINDREAM did not pay Individual YG any income in 2016.

### *Individual JC*

22. It was further part of the conspiracy that HUANG and FINDREAM agreed to provide Individual JC an offer letter, an employment verification letter, a Form I-983 OPT Training Plan, and a Form 1099-MISC tax form, all showing Individual JC worked for FINDREAM, so that Individual JC could report FINDREAM as his employer in a document required by the immigration laws or regulations prescribed thereunder, when they knew Individual JC did not work for FINDREAM. In exchange, Individual JC paid HUANG and FINDREAM a total of $1,100 in 2016.

23. It was further part of the conspiracy that HUANG and FINDREAM issued Individual JC a Form 1099-MISC tax form claiming FINDREAM paid Individual JC a total of $24,000 for the 2017 tax year, when they knew that Individual JC did not work for FINDREAM and FINDREAM did not pay Individual JC any income in 2017.

### *Individual JL*

24.     It was further part of the conspiracy that HUANG and FINDREAM agreed to submit a false Form I-129 Petition seeking an H-1B visa for Individual JL, when they knew Individual JL did not work for FINDREAM. In exchange, Individual JL paid HUANG and FINDREAM a total of $9,500 in 2018.

### *Individual SZ*

25.     It was further part of the conspiracy that HUANG and SINOCONTECH agreed to provide Individual SZ an offer letter for Individual SZ to work for SINOCONTECH, when they knew Individual SZ did not work for SINOCONTECH, which offer letter Individual SZ submitted to University A as proof to University A that Individual SZ had secured employment with SINOCONTECH, so that University A would subscribe as true under penalty of perjury Individual SZ's Form I-20.

26.     It was further part of the conspiracy that HUANG, FINDREAM, and SINOCONTECH received at least approximately $2 million from customers for whom they agreed to falsely certify employment in documents required by the immigration laws and regulations.

27.     It was further part of the conspiracy that HUANG, FINDREAM, and SINOCONTECH, concealed, misrepresented and hid, and caused to be concealed,

misrepresented and hidden, the existence and purpose of the conspiracy, and acts done in furtherance of the conspiracy.

### Overt Acts

28. In furtherance of the conspiracy and to effect its objects and purposes, HUANG, FINDREAM, and SINOCONTECH, committed and caused to be committed the following overt acts, among others, within the Northern District of Illinois and elsewhere:

#### *Individual LT*

a. On or about February 1, 2016, HUANG and FINDREAM sent an email to Individual LT attaching a letter offering Individual LT employment at FINDREAM.

b. On or about February 23, 2016, Individual LT sent HUANG and FINDREAM $400 via Chase QuickPay.

c. On or about June 3, 2016, Individual LT subscribed as true under penalty of perjury on a Form I-983 Training Plan for STEM OPT Students that he was employed by FINDREAM in Mountain View, California.

#### *Individual YG*

d. On or about September 14, 2016, Individual YG sent HUANG and FINDREAM $500 via PayPal.

e. On or about September 20, 2016, HUANG and FINDREAM sent an email to Individual YG attaching a letter offering Individual YG employment at FINDREAM.

f.      On or about September 21, 2016, Individual YG subscribed as true under penalty of perjury on a Form I-983 Training Plan for STEM OPT Students that she was employed by FINDREAM in Chicago, Illinois.

### *Individual JC*

g.      On or about November 17, 2016, Individual JC sent HUANG and FINDREAM $900 via Chase QuickPay.

h.      On or about November 23, 2016, HUANG and FINDREAM sent an email to Individual JC attaching a letter offering Individual JC employment at FINDREAM.

i.      On or about November 28, 2016, Individual JC subscribed as true under penalty of perjury on a Form I-983 Training Plan for STEM OPT Students that he was employed by FINDREAM in Chicago, Illinois.

### *Individual JL*

j.      On or about January 2, 2018, Individual JL sent HUANG and FINDREAM $2,000 via Chase QuickPay.

k.      On or about January 3, 2018, HUANG and FINDREAM sent an email to Individual JL attaching a contract of employment between Individual JL and FINDREAM.

l.      On or about March 30, 2018, HUANG subscribed as true under penalty of perjury on a Form I-129 that Individual JL was employed by FINDREAM in Mountain View, California.

11

### *Individual SZ*

m.      On or about February 20, 2018, Individual SZ sent HUANG and FINDREAM $200 via PayPal.

n.      On or about February 21, 2018, HUANG and FINDREAM sent an email to Individual SZ attaching a letter offering Individual SZ employment at SINOCONTECH.

o.      On or about November 5, 2018, Individual SZ, HUANG, and SINOCONTECH caused University A to subscribe as true under penalty of perjury on a Form I-20 that Individual SZ was employed by SINOCONTECH in New York, New York from February 5, 2018 through April 1, 2018.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JULY 2018 GRAND JURY further charges:

1. Paragraphs 1(a), (b), (d), (e), (g), and (h) of Count One are incorporated here.

2. On or about June 3, 2016, at Chicago, in the Northern District of Illinois, and elsewhere,

WEIYUN HUANG,
also known as "Kelly Huang," and
FINDREAM, LLC,

defendants herein, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, namely, an Optional Practical Training extension on a nonimmigrant F-1 student visa, that is, an individual acting on behalf of FINDREAM, LLC, falsely certified on a Form I-983 Training Plan that FINDREAM, LLC in Mountain View, California, employed Individual LT, which statement Individual LT and the defendants then knew was false, in that Individual LT was not employed by FINDREAM, LLC;

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT THREE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     Paragraphs 1(a), (b), (d), (e), (g), and (h) of Count One are incorporated here.

2.     On or about September 21, 2016, at Chicago, in the Northern District of Illinois, and elsewhere,

WEIYUN HUANG,<br>
also known as "Kelly Huang," and<br>
FINDREAM, LLC,

defendants herein, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, namely, an Optional Practical Training extension on a nonimmigrant F-1 student visa, that is, an individual acting on behalf of FINDREAM, LLC, falsely certified on a Form I-983 Training Plan that FINDREAM, LLC in Chicago, Illinois, employed Individual YG, which statement Individual YG and the defendants then knew was false, in that Individual YG was not employed by FINDREAM, LLC;

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT FOUR

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     Paragraphs 1(a), (b), (d), (e), (g), and (h) of Count One are incorporated here.

2.     On or about November 28, 2016, at Chicago, in the Northern District of Illinois, and elsewhere,

WEIYUN HUANG,
also known as "Kelly Huang," and
FINDREAM, LLC,

defendants herein, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, that is, an individual acting on behalf of FINDREAM, LLC, falsely certified on a Form I-983 Training Plan that FINDREAM, LLC in Chicago, Illinois, employed Individual JC, which statement Individual JC and the defendants then knew was false, in that Individual JC was not employed by FINDREAM, LLC;

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT FIVE

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     Paragraphs 1(a), (b), (d), (e), and (i) of Count One are incorporated here.

2.     On or about March 30, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

WEIYUN HUANG,<br>
also known as "Kelly Huang," and<br>
FINDREAM, LLC,

defendants herein, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, namely, a nonimmigrant H-1B visa, that is, HUANG caused to be submitted a Form I-129 stating that FINDREAM, LLC in Mountain View, California, employed Individual JL, which statement defendants then knew was false, in that Individual JL was not employed by FINDREAM, LLC;

In violation of Title 18, United States Code, Section 1546(a).

## COUNT SIX

The SPECIAL JULY 2018 GRAND JURY further charges:

1.     Paragraphs 1(a) through (h) of Count One are incorporated here.

2.     On or about November 5, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

WEIYUN HUANG,
also known as "Kelly Huang," and
SINOCONTECH, LLC,

defendants herein, did knowingly cause University A to subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, namely, an Optional Practical Training extension on a nonimmigrant F-1 student visa, that is, Individual SZ submitted a Form I-20 stating that she was employed by SINOCONTECH, LLC in New York, New York, which statement Individual SZ and the defendants then knew was false, in that Individual SZ was not employed by SINOCONTECH, LLC;

In violation of Title 18, United States Code, Sections 1546(a) and 2.

## **FORFEITURE ALLEGATION**

The SPECIAL JULY 2018 GRAND JURY alleges:

1.      The allegations of this Indictment are incorporated here for the purpose of alleging forfeiture, pursuant to Title 18, United States Code, Section 982(a)(6).

2.      As a result of their violations of Title 18, United States Code, Sections 371 and 1546(a), as alleged in this Indictment,

> WEIYUN HUANG,
> also known as "Kelly Huang,"
> FINDREAM, LLC, and
> SINOCONTECH, LLC,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), any and all right, title, and interest defendants may have in any property, real or personal that constitutes and is derived from or is traceable to the proceeds obtained directly and indirectly from the commission of the offense and that is used, and intended to be used, to facilitate the commission of the offense.

3.      The interests of defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6), include, but are not limited to, a money judgment.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY

18